# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

**STEVEN LUMPKIN,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.                                         No. 3:20-cv-00193

**KNOXVILLE PALLET RECYCLERS, INC.**       **FLSA Collective Action**
*a Tennessee Corporation,*                 **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Steven Lumpkin ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Collective Action Complaint, averring as follows:

### I.  INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Knoxville Pallet Recyclers, Inc. ("Defendant") on behalf of Plaintiff, individually, and on behalf of himself and other similarly situated hourly-paid employees. Plaintiff and putative class members were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation for those who have worked for Defendant as hourly-paid

1

employees at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's principal offices are located in this District and it has conducted business within this District during all relevant periods to this action.

## III. PARTIES

4. Defendant Knoxville Pallet Recyclers, Inc. is a Tennessee Corporation with its principal office address at 3311 Highway 61 E., Luttrell, Tennessee 37779. According to the Tennessee Secretary of State, it may be served via its registered agent Frank Baker Ward, Jr. at 431 Redbud Circle, Luttrell, Tennessee 37779.

5. Plaintiff Lumpkin was employed by Defendant as an hourly-paid employee during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Lumpkin's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL BASIS FOR SUIT

6. Defendant Knoxville Pallet Recyclers, Inc. is located in Knoxville, Tennessee and buys, builds, rebuilds and sells pallets to customers in the region.

7. Plaintiff Steven Lumpkin and those similarly situated were employed by

Defendant as hourly-paid employees during the three (3) year period preceding the filing of this action.

8. Plaintiff and other hourly-paid employees performed various tasks for Defendant such as, but not limited to, cutting boards for builders to build pallets, removing nails out of boards that are later used to build pallets, and operating the "trim saw." Plaintiff and other hourly-paid employees did not build pallets.

9. Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendant during all times material to this action.

10. Defendant has been the "employer" of Plaintiff and similarly situated hourly-paid employees within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

11. At all times material to this action, Plaintiff and those similarly situated have been Defendant's "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

12. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

13. Plaintiff and similarly situated hourly-paid employees also have engaged in commerce during the applicable statutory period.

14. At all times material to this action, Defendant has been an enterprise engaged in

commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

15. Defendant has been responsible for the implementation and administration of its pay practices, including the decision not to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action.

16. Defendant has had a time keeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Complaint.

17. Plaintiff and those similarly situated have been subject to Defendant's aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

18. Defendant has had a common policy, plan, and practice of not paying the FLSA mandated rate of overtime pay for all hours worked over forty (40) per week. Defendant failed to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all overtime hours within weekly pay periods during all times material to this collective action.

19. Plaintiff and similarly situated hourly-paid employees have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this collective action.

20. Specifically, Defendant's policy and practice was to only pay Plaintiff and other hourly-paid employees overtime compensation for hours worked in excess of forty (40) on "weekday" shifts (Monday through Friday). When Plaintiff and putative class members worked on a Saturday or Sunday, they were paid ten (10) dollars per hour, regardless of their base rate of pay or hours already worked.

21. Plaintiff and putative class members regularly worked in excess of forty (40) hours each Monday through Friday.

22. Plaintiff and putative class members also routinely worked on Saturdays and/or Sundays. When they did, they were only compensated at a rate of ten (10) dollars per hour, despite all the "weekend" hours worked being in excess of forty (40) in a given workweek.

23. Plaintiff and those similarly situated have complained to Defendant that they were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this lawsuit.

24. Defendant was aware Plaintiff and similarly situated hourly-paid employees were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action as it was Defendant's policy to only pay them a "straight time" rate of pay for "weekend" hours worked in excess forty (40) per week within weekly pay periods.

25. The aforementioned unpaid overtime claims of Plaintiff and those similarly

situated are unified by a common theory of Defendant's FLSA violations.

26. Defendant willfully and, with reckless disregard to the FLSA's overtime compensation requirements, failed to compensate Plaintiff and similarly situated hourly-paid employees at one and one-half times their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Complaint.

27. Defendant knew it was not compensating Plaintiff and those similarly situated at one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Complaint, without a good faith basis for its failure.

28. Defendant's common policies and practices of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated 29 U.S.C. § 207(a)(1).

29. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

30. The net effect of Defendant's common plan, policy, and practice of failing to pay Plaintiff and similarly situated hourly-paid employees one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods, during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class

members.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

32. The proposed collective class of similarly situated persons is defined as:

    All current and former hourly-paid individuals employed by Defendant who were not paid one and-one half times their regular hourly rates of pay for all hours worked in excess of forty (40) hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members"). [1]

33. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid employees as a class.

34. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) per week at one and one-half times their regular hourly rates of pay, as required by the FLSA.

35. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

Defendant's pay and compensation policies and practices.

36. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

37. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

38. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

39. Defendant knew Plaintiff and class members performed work in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

40. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

41. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

42. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime hours within weekly pay periods during all times material.

43. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

44. Plaintiff estimates there are more than two hundred (200) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendant's work place.

45. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

46. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

47. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

48. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

49. Defendant employed Plaintiff and each of the class members under the coverage of the FLSA, during all times relevant to this complaint.

50. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

51. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

52. Defendant's common policy and practice of working Plaintiff and class members over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks violated the FLSA.

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

54. Through its actions, policies, practices, and plans, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

55. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

56. Defendant's actions were not in good faith.

57. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

58. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

(b) Award Plaintiff and similarly situated employees all unpaid overtime

compensation against Defendant;

(c) Find and declare Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(d) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(f) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(g) Award post-judgment interest and court costs as allowed by law;

(h) Enter an Order designating this action as an opt-in collective action under the FLSA;

(i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

(k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

(l) Provide further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

12

Case 3:20-cv-00193-TAV-HBG   Document 1   Filed 04/30/20   Page 12 of 13   PageID #: 12

Dated: April 30, 2020						Respectfully Submitted,

							*s/Gordon E. Jackson*
							Gordon E. Jackson (TN BPR #8323)
							J. Russ Bryant (TN BPR #33830)
							Robert E. Turner, IV (TN BPR #35364)
							Nathaniel A. Bishop (TN BPR #35944)
							**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
							Attorneys at Law
							262 German Oak Drive
							Memphis, Tennessee 38018
							Telephone: (901) 754-8001
							Facsimile: (901) 754-8524
							*gjackson@jsyc.com*
							*rbryant@jsyc.com*
							*rturner@jsyc.com*
							*nbishop@jsyc.com*

							*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*