IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**STEVEN LUMPKIN,**
*Individually, and on behalf of himself
and others similarly situated,*

Plaintiff,

v.             No. 3:20−cv−00193−TAV−HBG

**KNOXVILLE PALLET RECYCLERS,**     FLSA Collective Action
**INC.,**                                         JURY DEMANDED

Defendant.

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
ORDER APPROVING RESOLUTION OF FLSA CLAIMS**

The above-named parties submit this Memorandum in support of their Joint Motion for Order Approving Resolution of FLSA Claims.

**I.**     **Introduction**

In this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.* ("FLSA"), Plaintiffs Steven Lumpkin and Brenda Corum ("Plaintiffs") and Defendant Knoxville Pallet Recyclers, Inc. jointly request that the Court enter an order approving the Settlement Agreement reached between the parties to release and resolve all FLSA claims at issue in this matter. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court." *Id*. at 1353. [1]

---

[1] *But see, Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval).

## II. Facts & Procedural History

Named Plaintiff Steven Lumpkin filed this civil action on April 30, 2020, alleging that Defendant violated the FLSA.[2] Opt-in Plaintiff Brenda Corum filed a Consent to Join on July 15, 2020.[3] Defendant filed an Answer on July 17, 2020.[4]

Plaintiffs allege in the Complaint that Defendant has a common policy, plan, and practice of not paying its hourly-paid employees the FLSA mandated overtime rate of pay for all hours worked over forty (40) per week.[5] Plaintiffs assert they were only paid ten ($10) dollars per hour when working on Saturday and Sunday, regardless of their base rate of pay or hours worked during that week.[6] Defendant has denied Plaintiffs' allegations that it violated the FLSA or otherwise engaged in any unlawful conduct for which an action in this Court is proper.[7]

The parties have conducted discovery, including depositions, and the exchange of time and pay data kept by Defendant. They subsequently engaged in negotiations and were able to reach a settlement which is now being presented to the Court for approval as required by the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1353. All undersigned counsel represent that the negotiations

---

The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved. The parties submit that the reasoning employed in *Martin* is exceedingly persuasive and ask the Court to adopt its reasoning.

[2] *See* Complaint ("Compl.") (ECF No. 1).

[3] Brenda Corum Consent to Join (ECF No. 10).

[4] Answer (ECF No. 11).

[5] Compl. (ECF No. 1) at ¶ 18.

[6] *Id*. at ¶¶ 20-21.

[7] Answer (ECF No. 11) at ¶ 1.

2

were adversarial in nature and that the settlement represents a compromise on the part of all parties with respect to both the relief sought by Plaintiffs and the defenses raised by Defendant.

### III. The Court Should Approve the Settlement Agreement.

In this case, the Court should approve the terms of the Settlement Agreement because they were achieved in an adversarial context, experienced counsel represented the parties on both sides, and it reflects a fair and reasonable compromise over disputed issues.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Were the Plaintiffs represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id*. at 1353-54.

In this instance, the resolution reached by the parties was negotiated by experienced counsel who protected the rights of both parties. The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiffs were entitled to additional wages under the FLSA. With the Court's approval, the parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the FLSA, including attorney fees and costs.

3

## IV. Conclusion

For the foregoing reasons, the parties request that the Court enter an Order approving the settlement agreements in this action and dismiss this action with prejudice based on the parties' agreement. A proposed Order is filed contemporaneously herewith.

Respectfully submitted this 28th day of May, 2021.

| | |
|---|---|
| **JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT** | **WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC** |
| *s/ Robert E. Morelli, III* | */s J. Keith Coates, Jr.* |
| Gordon E. Jackson (TN BPR #8323) | J. Chadwick Hatmaker (BPR# 018693) |
| J. Russ Bryant (TN BPR #33830) | J. Keith Coates, Jr. (BPR #025839) |
| Robert E. Turner, IV (TN BPR #35364) | Kaitlyn E. Hutcherson (BPR # 035188) |
| Nathaniel A. Bishop (TN BPR #35944) | |
| Robert E. Morelli, III (TN BPR #37004) | Post Office Box 900 |
| Attorneys at Law | Knoxville, TN, 37901 |
| 262 German Oak Drive | Tel: (865) 215-1000 |
| Memphis, Tennessee 38018 | Fax: (865) 215-1001 |
| Telephone: (901) 754-8001 | chatmaker@wmbac.com |
| Facsimile: (901) 754-8524 | khutcherson@wmbac.com |
| *gjackson@jsyc.com* | |
| *rbryant@jsyc.com* | *Attorneys for Defendant* |
| *rturner@jsyc.com* | |
| *nbishop@jsyc.com* | |
| *rmorelli@jsyc.com* | |
| *Attorneys for Plaintiff* | |