UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STEVEN LUMPKIN, Individually, and on Behalf of Himself and others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KNOXVILLE PALLET )<br>RECYCLERS, INC., )<br>)<br>Defendant. ) | No.: 3:20-CV-193-TAV-HBG |

## **ORDER**

This civil action is before the Court on the parties' Joint Motion for Order Approving Resolution of FLSA Claims [Doc. 25], requesting Court approval of a settlement of plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and dismissing this action with prejudice.

The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The circumstance applicable here occurs when an employee brings a private action for overtime wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the proposed settlement, determines that it involves the resolution of a bona-fide dispute and is fair and reasonable, and enters it as a stipulated judgment. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL

776933, at *5-6 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

In this case, a bona-fide dispute existed as to whether plaintiffs were properly compensated for overtime work. In the negotiations that resulted in a settlement, all parties were represented by experienced and reputable counsel. After reviewing the mutual settlement agreement, the Court concludes the settlement is a fair and reasonable compromise of a bona-fide dispute.

Thus, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion for Order Approving Resolution of FLSA Claims [Doc. 25] requesting entry of dismissal with prejudice is hereby **GRANTED**.

2. The settlement agreement [Doc. 25-1] among the parties is hereby **APPROVED** as being a fair, just, adequate, and reasonable compromise of the disputed issues of law and fact remaining in this action.

3. Other than the attorney fees and expense payments in the settlement agreement, each party is responsible for their own attorney fees and costs associated with the claims for which dismissal is requested.

4. It is further **ORDERED** that this case is **DISMISSED with prejudice**, and the Clerk of the Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

            s/ Thomas A. Varlan
            UNITED STATES DISTRICT JUDGE